UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESMOND C. PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1609** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION: "S"(1)** |

# O R D E R

Plaintiff has filed two motions for leave to amend the complaint to add additional defendants. Rec. Docs. 23 and 28. For the following reasons, plaintiff's earlier motion, Rec. Doc. 23, is **DENIED**, but his later motion, Rec. Doc. 28, is **GRANTED**.

In pertinent part, the Federal Rules of Civil Procedure provide:

**(a) Amendments Before Trial.**

**(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2) Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

Because plaintiff's motions were not filed within the deadline set forth in Rule 15(a)(1)(B), and because there has been no written consent to the proposed amendments, leave of court is

required. In ruling on a motion for leave to amend, a court may consider, *inter alia*, the futility of the proposed amendments. Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981).

In Rec. Doc. 23, plaintiff seeks to amend his complaint to add as defendants "John Doe"/"Jane Doe," Johnny Hedgemon, and Edward Knight. Those amendments will not be allowed for the following reasons.

First, it would not be appropriate to allow plaintiff to add the "John Doe"/"Jane Doe" defendants. Generally, a plaintiff may pursue § 1983 claims against only *identified* persons. Francis v. Terrebonne Parish Sheriff's Office, No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009) ("[A] § 1983 action must be filed against an actual identified person."); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007) ("The federal rules make no provision for joining fictitious or 'John Doe' defendants in an action under a federal statute."). Further, to the extent that plaintiff simply desires to add the "Doe" defendants as "placeholders" and then to substitute the defendants' actual names later, that is not necessary or ultimately beneficial to him. If plaintiff discovers the defendants' true identities *before* the limitations period ends, then no "placeholder" is necessary – he may simply file a timely motion for leave to amend at that time. On the other hand, if the true identities are not discovered until *after* the limitations period has expired, then the "placeholder" would not ultimately aid plaintiff – because it is clear that "an amendment to substitute a named party for a John Doe does not relate back under rule 15(c)." Whitt v. Stephens County, 529 F.3d 278, 283 (5th Cir. 2008).

Second, it would be futile to allow plaintiff to add Wardens Johnny Hedgemon and Edward Knight as defendants. Plaintiff alleges that Hedgemon and Knight were "present & visible" when plaintiff and other inmates arrived at the Riverbend Detention Center and yet failed to "implement

standard & simple procedures" for the processing and safeguarding of the inmates' personal property.  As a result, plaintiff's personal belongings were subsequently misplaced by unknown persons and currently remain lost.  However, while that loss is unfortunate, the allegations against Hedgemon and Knight, even if true, amount to nothing more than negligence on their part.  It is beyond cavil that mere negligence claims are not cognizable in a § 1983 action.  See, e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Charles v. Rodriguez, 112 Fed. App'x 332, 333 (5th Cir. 2004) ("[A]t the most, the defendants' actions or inactions amounted to negligence, which is not cognizable under 42 U .S.C. § 1983.").

In his later motion to amend, Rec. Doc. 28, plaintiff seeks to add claims against Shontrell Cooper, Deputy D. Tapp, and Deputy D. Harris.  Plaintiff alleges that Cooper was deliberately indifferent to plaintiff's need for medical care, in that she "ignored plaintiff's cries for help regarding his continuing pain & suffering."  With respect to Tapp and Harris, plaintiff alleges that those deputies were present while plaintiff was being sexually assaulted and yet failed to take any action to protect him.  The claims against these three individuals are not patently frivolous, and plaintiff should therefore be allowed to develop them further.  Therefore, these amendments will be allowed.

Accordingly, the Clerk of Court is **ORDERED** to refile Rec. Doc. 28 as an amended complaint, add Shontrell Cooper, Deputy D. Tapp, and Deputy D. Harris to the docket sheet as

defendants, issue summons with respect to those defendants, and forward same to the United States Marshal for service.

New Orleans, Louisiana, this twenty-sixth day of May, 2016.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**