UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESMOND C. PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1609** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION: "S"(1)** |

## O R D E R

Plaintiff has filed a "Motion for Injunctive Emergency Relief & Protective Order(s) to Issue Against Further Arbitrary, Harassing & Capricious Actions by Defendants." Rec. Doc. 22. For the following reasons, that motion is **DENIED**.

In his motion, plaintiff first alleges that he is being harassed by Deputy O. Woods. The Court notes that plaintiff has claimed in this lawsuit that he was sexually assaulted by Woods on February 2, 2016, and the validity of that claim will be considered in due course as this case progresses. However, to the extent that plaintiff feels that he is now being harassed and threatened by Woods, those actions would constitute new and separate claims. Therefore, his recourse is to seek relief through the jail's administrative grievance procedure. After fully exhausting his administrative remedies, he may then file a separate lawsuit based on the threats and harassment if he believes that those actions rise to the level of a constitutional violation. However, plaintiff should be aware that mere verbal harassment and threats, while troubling and distasteful, generally do not give rise to a constitutional claim cognizable under 42 U.S.C. § 1983. See Westbrook v. Treon, 78 Fed App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation."); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under

§ 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) ("[A]s a rule, mere threatening language and gestures of a custodial office [sic] do not, even if true, amount to constitutional violations." (internal quotation marks omitted)).

Plaintiff next alleges that that the defendants are impeding his access to the courts by providing him with inadequate legal assistance and mail services.  However, again, to the extent that plaintiff believes those actions violate his rights, he must first seek administrative relief at the jail.  If the administrative result is unsatisfactory and if he believes the actions amount to a constitutional violation, he may then file a separate lawsuit asserting an access-to-courts claim. However, plaintiff should note that a prisoner is entitled to relief on such a claim only if he can show that his position as a litigant was *actually prejudiced* by the inadequate legal assistance or the interference with his mail.  See, e.g., Weatherspoon v. Ferguson, 302 Fed. App'x 231 (5th Cir. 2008); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343, 351 (1996).

New Orleans, Louisiana, this twenty-seventh day of May, 2016.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**