# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DESMOND PARKER | CIVIL ACTION |
| VERSUS | NO. 16-1609-JVM |
| MARLIN GUSMAN, ET AL. | |

## ORDER AND REASONS

On May 19, 2017, the undersigned United States Magistrate Judge entered an order dismissing plaintiff's claim against Sheriff Marlin N. Gusman.[1] Plaintiff thereafter filed a document entitled "Objection to Magistrate Judge's Ruling Dismissing Claim(s) Against Marlin Gusman."[2] Because plaintiff is proceeding *pro se*, the Court will liberally construe that document as a motion for reconsideration.[3] However, for the following reasons, that motion for reconsideration is **DENIED**.

In plaintiff's original complaint, he claimed that on June 19, 2015, "Gusman & his employees breached their duty of care" when plaintiff and inmate Jamal Hatton "were left in a cell at OPP for hours on end without water or bathroom."[4] In the challenged order, the Court identified that as being "[t]he only claim against Gusman" in this lawsuit and dismissed that claim as frivolous and/or for failing to state a claim upon which relief may be granted.[5] In his motion,

---

[1] Rec. Doc. 80.
[2] Rec. Doc. 81.
[3] "The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e) or 60(b)." Gates v. Strain, Civ. Action No. 07-6983 c/w 13-6425, 2017 WL 2406726, at *1 (E.D. La. June 1, 2017) (citation omitted).
[4] Rec. Doc. 1, p. 4.
[5] Rec. Doc. 80, pp. 7-8.

plaintiff does not challenge the dismissal of the claim; rather, he challenges the Court's characterization of the claim as the "only" claim against Gusman. Plaintiff states:

> As you can see from the enclosed exhibit (transcript of deposition) Gusman is directly involved in the Feb. 8th, 2016 sexual assault claim. Gusman was personally aware of the improper gesture(s) & lewd comments made by Deputy Woods to the plaintiff & took no action to stop this malicious harassment.
> Gusman was also made fully aware that a civil action was pending against Woods for the sexual assault upon the plaintiff.
> Gusman is equally held liable in his area of responsibility when he was put on notice (7/26/16 see transcript page(s) 124 to 127) of the predicted violation of right(s) by not taking action to prevent further sexual harassment/assault.[6]

The Court has carefully reviewed plaintiff's pleadings in this matter, and the foregoing allegations were not included in either his original complaint or the amendments. Even under the rules of liberal construction applicable to *pro se* litigants, it simply cannot be said that plaintiff's pleadings were sufficient to alert Sheriff Gusman that the foregoing claims were being asserted against him in this lawsuit, and, as a result, he has not been afforded an opportunity to defend against them.[7] Therefore, they cannot be considered claims in this civil action.

Moreover, plaintiff will not now be permitted to amend his complaint assert such claims. Plaintiff requires leave of Court to further amend his complaint, Fed. R. Civ. P. 15(a), and such

---

[6] Rec. Doc. 81, pp. 1-2.

[7] "The test of the adequacy of the pleadings is whether the adversary has sufficient notice of the pleader's claim so that he can prepare his responsive pleadings or prepare for trial. … District courts are not required to be mind readers, or to conjure questions not squarely presented to them." Harris v. Angliker, Nos. 91-7118, 91-720, and 91-7620, 1992 WL 21375 (4th Cir. Feb. 10, 1992). The United States Fifth Circuit Court of Appeals has explained:

> Despite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally "abide by the rules that govern the federal courts." Frazier v. Wells Fargo Bank, N.A., 541 Fed. Appx. 419, 421 (5th Cir. 2013) (internal quotation marks omitted). Pro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal.

E.E.O.C. v. Simbaki, Ltd., 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

leave will not be granted. In its scheduling order, the Court directed that "[a]ll amendments to pleadings must be filed on or before **February 13, 2017**."[8] Therefore, any request for further amendments is untimely. Moreover, the deadlines for the discovery and the filing of motions have passed, and a jury trial is scheduled to commence in this matter in two months. Justice simply does not require that plaintiff be allowed to further amend his complaint to add new claims at this late stage of the proceeding.

New Orleans, Louisiana, this thirteenth day of June, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Rec. Doc. 69.